AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  **1:25-MJ-00226** |
| Ever Eliu AMADOR-MEDINA | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____FEBRUARY 28, 2025_____ in the county of _____BUTLER_____ in the
_____Southern_____ District of _____Ohio_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Illegal Reentry of a Deported Alien |

This criminal complaint is based on these facts:

See Affidavit

☑ Continued on the attached sheet.

*Rhiannon Lupton*
_____
*Complainant's signature*

Special Agent Rhiannon Lupton, HSI/ICE
_____
*Printed name and title*

Sworn and subscribed to before me by reliable electronic means, specifically, FaceTime video conference, in accordance with Fed. R. Crim. P. 4.1.

Date:  **Mar 13, 2025**
_____

*Stephanie K. Bowman*
_____
*Judge's signature*

City and state:      Cincinnati, Ohio         Hon. Stephanie K. Bowman, U.S. Magistrate Judge
_____
*Printed name and title*

**A F F I D A V I T**

I, Rhiannon Lupton, being duly sworn, do hereby depose and say:

1.	I am a Special Agent (SA) with Homeland Security Investigations (HSI), a component of Immigration and Customs Enforcement (ICE), within the Department of Homeland Security (DHS). In my capacity as a SA with HSI, I have participated in approximately 25 weeks of training at the Federal Law Enforcement Training Center. Within the 25 weeks of training, I have graduated from the Criminal Investigator Training Program and the HSI Special Agent Training. Additionally, I hold a bachelor's degree in criminal justice and criminology studies, with a minor in forensic science, from The Ohio State University. I received training concerning immigration-related crimes and am conducting ongoing investigations involving such offenses.

2.	This affidavit is made in support of a criminal complaint and arrest warrant for Ever Eliu AMADOR-MEDINA (hereinafter referred to as AMADOR-MEDINA), charging him with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Deportation. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from official documents, databases, other law enforcement agents and witnesses.  This affidavit is intended to show that there is probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of, or investigation into this matter.

3.	On February 28, 2025, Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Cincinnati encountered AMADOR-MEDINA at the Butler County Jail in Hamilton, OH. Record checks indicated AMADOR-MEDINA is a native and citizen of Honduras by virtue of birth and was not in possession of a valid

1

immigration document allowing him to be or remain in the United States legally. Accordingly, on February 28, 2025, ERO Cincinnati issued an immigration detainer.

4. On March 9, 2025, ERO Cincinnati arrested the subject at the Butler County Jail in Hamilton, OH, after he was released on local criminal charges. He was arrested without incident and transported to the ERO/Homeland Security Investigations (HSI) Cincinnati Office for processing. Upon arriving, AMADOR-MEDINA's fingerprints were scanned and enrolled in various DHS databases, which confirmed the subject's identity, immigration and criminal history.

5. During routine administrative processing, AMADOR-MEDINA claimed that he was born in Honduras, is a citizen and national of Honduras, and made no claims to U.S. citizenship or Lawful Permanent Resident status. He also claimed to have last entered the U.S. without inspection on or about an unknown time, at or near an unknown location in Texas.

6. Based on my training and experience, I know that a DHS "A-File" is a file in which all immigration records are maintained for aliens admitted or found to be illegally present in the United States. I also know that a DHS A-File usually contains forms, photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by DHS (or INS) with respect to the subject alien for whom the DHS A-File is maintained. The A-file corresponds with an "A-number", a unique number assigned to foreign nationals as they undergo proceedings through the United States immigration system. AMADOR-MEDINA's A-file is maintained under A-number 088071436. I know that in addition to A-files, DHS utilizes numerous databases and indices to store immigration related information that correlates with documents found in the A-file.

7.      On March 11, 2025, I reviewed the above-mentioned databases, and copies of documents contained in AMADOR-MEDINA's A-file, and determined the following:

a.      On or about September 14, 2007, AMADOR-MEDINA was ordered removed from the United States by an Immigration Judge at or near Atlanta, Georgia. AMADOR-MEDINA was then officially removed and deported from the United States on or about October 22, 2007, at or near Atlanta, Georgia.

b.      On or about January 1, 2017, AMADOR-MEDINA was again found in the United States. AMADOR-MEDINA's previous order of removal was reinstated, and on April 7, 2017, was officially removed and deported from the United States at or near Houston, Texas. Prior to his removal, AMADOR-MEDINA was served with DHS Form I-294, Warning to Alien Ordered Removed or Deported, advising him that he was prohibited from entering the United States for a period of 20 years as per the provisions of section 212 (a)(9) of the Immigration and Nationality Act (INA). In addition, he was instructed that after removal, he must request permission from the Attorney General or Secretary of the Homeland Security to reapply for admission to the United States during the period in which he was banned.

8.      I also reviewed DHS Indices that track lawful entries into the United States. Those indices indicated that AMADOR-MEDINA had not lawfully entered the United States, nor had he applied for nor obtained permission from the Attorney General of the United States or her designated successor or the Secretary of Homeland Security, to re-enter the United States legally since AMADOR-MEDINA had last been deported.

9.      Based on the foregoing facts, there is probable cause to believe that AMADOR-MEDINA has violated Title 8, United States Code, Section 1326(a): Illegal Alien Found in the United States Following Deportation.

Respectfully submitted,

*Rhiannon Lupton*

Rhiannon Lupton
Special Agent – HSI

Sworn and subscribed to before me by reliable electronic means, specifically, FaceTime video conference, in accordance with Fed. R. Crim. P. 4.1, on March  13  , 2025.

*Stephanie K. Bowman*

HONORABLE STEPHANIE K. BOWMAN
UNITED STATES MAGISTRATE JUDGE

4